UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

250 EAST FLAMINGO, LLC.
*et al.*,

        Petitioners,

                        Case No. 2:15-mc-50702

v.                        District Judge Paul D. Borman
                          Magistrate Judge Anthony P. Patti

FRANK TADDEO, *et al.*,

        Respondents.

_____/

### REPORT AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE

**I.     RECOMMENDATION**: The Court should dismiss Petitioner's action pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2 for failure to prosecute.

**II.    REPORT**

      On May 18, 2015, this action was referred to me for all pretrial proceedings pursuant to 28 U.S.C. § 636. This matter is before me for a Report and Recommendation on the June 15, 2015 Order to Show Cause.  (DE 6.)

### A. Background

On May 14, 2015, Petitioners initiated this miscellaneous action by filing a motion to quash. (DE 1.)[1] The motion did not contain a certificate of service and there was no indication that Respondents had been served. Accordingly, on June 1, 2015, I issued an Order requiring Petitioners to provide the status of service over Respondents on or before June 5, 2015. (DE 5.) Petitioners filed no response. On June 15, 2015, I ordered Petitioners to show cause on or before June 30, 2015, why the action should not be dismissed for failure to prosecute. (DE 6.) The Order cautioned Petitioners that failure to comply "could result in a Report and Recommendation recommending that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b)." To date, Petitioners have not responded to the Show Cause Order. Nor is there any indication that Respondents have been served with notice of the action, or that Petitioners have taken any further action with respect to their motion.

### B. Standard

Federal Rule of Civil Procedure 41(b) and Local Rule 41.2 authorize involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting

---

[1] The Local Rules for the Eastern District of Michigan do not distinguish between miscellaneous and civil actions. *See* E.D. Mich. LR 41.2 and Comment to E.D. Mich. LR 83.11. In addition, any miscellaneous action "may be changed into a civil case if contested before a district judge." Comment to E.D. Mich. LR 83.11.

2

that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629-32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 63 (6th Cir. 1999).

The United States Court of Appeals for the Sixth Circuit directs district courts to consider the following factors in deciding whether to dismiss under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (internal citations omitted). Although none of the factors is "'outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

C. <u>Discussion</u>

In the instant case, the record demonstrates such delay and contumacious conduct. After Petitioners failed to respond to the Court's June 1, 2015 Order, I

3

issued an Order to Show Cause, warning Petitioners that failure to show cause could result in dismissal pursuant to Rule 41(b).  The Order provided Petitioners with adequate notice of the Court's intention to dismiss for failure to prosecute and supplied them with a reasonable period of time to comply.  Petitioners did not file a response or otherwise respond to the Order in the time provided (or in the weeks since then).  Because Petitioners have missed multiple deadlines and disregarded court orders, I conclude that no alternative sanction would help the Court to effectively manage its docket and to avoid unnecessary burdens on the Court and opposing parties.  I therefore **RECOMMEND** that the Court **DISMISS** Petitioners' action under Rule 41(b) and E.D. Mich. LR 41.2.

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.


Dated: August 12, 2015             s/Anthony P. Patti
                                   Anthony P. Patti
                                   UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 12, 2015, electronically and/or by U.S. Mail.

                                   s/Michael Williams
                                   Case Manager for the
                                   Honorable Anthony P. Patti

5